UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTA KORNRUMPF | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2030  DIV. (2) |
| LELAND DUDEK, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION | *  * | MAG. J. CURRAULT |

**ORDER AND REASONS**

Plaintiff Christa Kornrumpf filed this suit seeking judicial review of a final decision of the Commissioner[1] of the Social Security Administration (the "Commissioner") under section 405(g) of the Social Security Act ("the Act") and 42 U.S.C. § 1383(c)(3).  ECF No. 1.  Pursuant to 28 U.S.C. § 636(c) and the unanimous consent of the parties, the matter was referred to a magistrate judge for disposition.  ECF No. 15.

Pending before me is the Commissioner's Unopposed *Ex Parte/*Consent Motion to Reverse and Remand.  ECF No. 19.  For the reasons below, the motion is granted, the Administrative Law Judge's (ALJ) decision is reversed, and the matter is remanded for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g).  Judgment dismissing this case will be entered accordingly.

**I.    BACKGROUND**

On January 27, 2021, Plaintiff Christa Kornrumpf filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under Title II and Title XVI of the Social Security Act.  ECF 6 at 286-92, 300-06.  In both of these applications, Ms. Kornrumpf alleged

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

disability beginning July 19, 2018.  *Id.*

The Commissioner denied her claims for disability insurance benefits under Title II of the Act and Supplemental Security Income under Title XVI of the Act on April 4, 2022.  *Id.* at 107, 133.  Plaintiff requested reconsideration of that decision, and on January 12, 2023, the hearing officer denied her application on reconsideration.  *Id.* at 159, 172.  Plaintiff then requested a hearing before an Administrative Law Judge, which was conducted before ALJ Holly Hansen, who issued an unfavorable decision.  *Id.* at 86-100.  After the Appeals Council denied review on June 25, 2024 (*id*. at 7-10), Plaintiff filed this complaint seeking judicial review under § 405(g) and 42 U.S.C. § 1383(c)(3) of the Commissioner's final decision.[2]

After filing a complaint for judicial review of the Commissioner's decision, Plaintiff filed a Brief/Motion for Summary Judgment.  ECF No. 11.  In lieu of responding to the summary judgment motion, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision.  ECF No. 19.  The Commissioner's Motion denotes that the relief sought is unopposed.

## II.     APPLICABLE LAW AND ANALYSIS

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."[3]  In this case, Defendant seeks remand under sentence four, which authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing, based on the pleadings and transcript of the record.[4]

---

[2] 42 U.S.C. §§ 405(g), 416(i), 423.
[3] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citation omitted).
[4] 42 U.S.C. § 405(g).

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary.[5] A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.[6] Thus, a request to remand for further administrative proceedings, like the remand requested in the Commissioner's motion, is a sentence four remand under section 405(g) and requires that the court enter a decision,[7] which in this case is a requested reversal.

The Commissioner's motion apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold the decision when he asks that the court reverse that decision so that further proceedings may be conducted. ECF No. 19 at 2. Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

### III. CONCLUSION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS ORDERED** that Defendant's Unopposed Motion to Reverse and Remand (ECF No. 19) be GRANTED, and judgment be entered REVERSING the Commissioner's decision and REMANDING the case for further administrative proceedings.

Dated this 25th day of February, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297-98 (1993) (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990).
[6] *Melkonyan*, 501 U.S. at 98.
[7] *See Sullivan*, 496 U.S. at 625-26 (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).